IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ROGER MCPHERSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:15CV162 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, and MICHAEL L. KENNEY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

In 2001, McPherson was found guilty of sexually assaulting his two daughters who were then ages 12 and 11 and he was also found guilty of child abuse respecting the children. The girls both testified against him.

Over a decade too late, he filed his § 2254 habeas corpus petition. I now dismiss it with prejudice. Briefly, the reasons for my decision that the relevant statute of limitations has run are set forth below.

### *BACKGROUND*

Respondents have moved for summary judgment. The matter has been fully briefed and the record has been supplied by Respondents. I find that the following facts to be undisputed:

1. On November 16, 2001, in the District Court of Lancaster County, Nebraska, a jury found Petitioner Roger McPherson guilty of two counts of first degree sexual assault on a child and two counts of child abuse. (Filing No. 7-3 at CM/ECF pp. 1-4.)

2. On January 24, 2002, the state district court sentenced McPherson to 25 to 40 years in prison for each count of sexual assault and 5 years in prison for each count of child abuse. (*Id*. at CM/ECF pp. 5-7.)

3. On September 12, 2003, the Nebraska Supreme Court affirmed McPherson's convictions and sentences. (Filing No. 7-1 at CM/ECF p. 3.)

4. On September 14, 2005, McPherson filed a motion for postconviction relief in the state district court. (Filing No. 7-4 at CM/ECF p. 1.) After dismissing the majority of the claims without an evidentiary hearing, a hearing was ordered on one of the claims raised in the postconviction motion. (Id. at CM/ECF pp. 8-10.) On January 11, 2007, the district court denied postconviction relief on the remaining claim following an evidentiary hearing. (*Id.* at CM/ECF pp. 11-15.) McPherson did not appeal the district court's judgment. (Filing No. 7-5 at CM/ECF p. 7.)

5. On September 5, 2013, McPherson filed a second motion for postconviction relief, and an amended postconviction motion was later filed. (Filing No. 7-4 at CM/ECF pp. 16, 43.) The state district court dismissed McPherson's second postconviction motion as untimely filed under Neb. Rev. Stat. § 29-3001(4)(a)-(e) (Cum. Supp. 2012). (Filing No. 7-4 at CM/ECF pp. 77-80.)

6. On June 23, 2014, the Nebraska Court of Appeals affirmed the state district court's judgment by sustaining the State's motion for summary affirmance. (Filing No. 7-2 at CM/ECF p. 2.)

7. On July 24, 2014, the Nebraska Supreme Court denied McPherson's petition for further review. (*Id*.)

8. McPherson's habeas petition was filed with this Court on May 4, 2015. (Filing No. 1.)

9. His wife was also convicted of one count of aiding and abetting first degree sexual assault on a child and two counts of child abuse, and she was sentenced to 12 to 20 years' imprisonment. *State v. McPherson*, 668 N.W.2d 504, 508 (Neb. 2003).

## *ANALYSIS*

Under 28 U.S.C. § 2244(d)(1)(A), McPherson had one year to file his habeas petition in this court once the Nebraska Supreme Court affirmed his conviction and the 90 day time limit for filing a petition for certiorari with the Supreme Court had expired. *See, e.g., Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir.2002) (quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998)). Although a state post-conviction action will stop the clock from ticking, the one year period had elapsed on December 11, 2004, *before* he filed any of the state post-conviction actions.

McPherson appears to argue, albeit unclearly, that his claims are not barred by the statute of limitations because he is "actually innocent." In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the bar of the statute of limitations under the miscarriage-of-justice exception.

However, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329). McPherson has not come close to meeting this standard.

In two sentences of his very long and rambling brief he claims that one of his daughters has now recanted her sworn testimony[1]. However, he gives no date when this recantation allegedly occurred. In that same vein, he claims that he has an affidavit from that child retracting her testimony, but he has failed to provide it.

Even if McPherson could produce the alleged affidavit, it would not establish "actual innocence" because "[l]atter-day impeachment evidence [. . .] 'will seldom, if ever,' make a clear and convincing case that no reasonable jury could believe the core of the witness's account." *Dansby v. Hobbs*, 766 F.3d 809, 817 (8th Cir. 2014) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 349, 269 (1992)). Thus, McPherson has not demonstrated that the miscarriage-of-justice exception for "actual innocence" applies.[2]

Still further, the rest of Petitioner's arguments are either gobbledegook or a combination of irrelevant claims about trial, appellate and post-conviction errors or attorney misconduct or ineffectiveness of counsel none of which would be sufficient to establish a "miscarriage of justice" under some other theory. For example, McPherson has not demonstrated that there were extraordinary circumstances beyond his control making it impossible to file his federal petition. After all, he brought this case more than ten years late.

Indeed, even if one *wrongly* allowed McPherson to rely upon the state post-conviction actions for tolling purposes despite the fact that those actions were filed

---

[1] "An affidavit from [SM] has been obtained which recants allegations of Sexual Abuse and/or Child Abuse. Newly obtained evidence discovered after Federal Habeas Corpus Petition was filed, filing No. 1." (Filing No. 9 at CM/ECF p. 2.)

[2] The evidence against him was overwhelming. *State v. McPherson*, 668 N.W.2d 504 (Neb. 2003). In addition to the testimony of his two children, Petitioner gave an incupatory statement to the police after receiving the *Miranda* warnings. For example, he admitted "inspecting the girls' vaginas" allegedly for hygienic purposes. *Id.* at 510. The prosecutor was also able to show through physical evidence that sex toys and pornographic videos were made easily accessible to the children.

4

*after* the federal statute of limitations had already run, his federal petition would have been late as well. Approximately eight years elapsed when nothing was going on.

Finally, and setting aside McPherson's "actual innocence" claim, he has not shown "due diligence" in attempting to procure the alleged but unproven and unfiled affidavit. Therefore, he will not be permitted to take advantage of the statutory provision found in 28 U.S.C. § 2244(d)(1)(D) (starting the clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). To be clear, I recognize under *McQuiggin* there is a difference between an "actual innocence" claim asserted to avoid the statute of limitations and a claim seeking to avoid the statute of limitations under § 2244(d)(1)(D). The former is essentially an equitable matter and the latter is a statutory matter.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. I am also not persuaded that the issues raised in the petition or discussed in this opinion are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, I will not issue a certificate of appealability.

IT IS ORDERED that judgment will be entered for the Respondents and against the Petitioner, providing that the Petitioner shall take nothing, and his habeas corpus petition (Filing No. 1) is denied and dismissed with prejudice. No certificate of appealability will be issued. A separate judgment will be entered.

DATED this 25th day of February, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge