IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER MCPHERSON, | |
| Petitioner, | 8:15CV162 |
| vs. | |
| SCOTT R. FRAKES, and MICHAEL L. KENNEY, | MEMORANDUM AND ORDER |
| Respondents. | |

This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Roger McPherson's ("Petitioner" or "McPherson") motion for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure. (Filing No. 16.) The motion will be denied as untimely.

## I. BACKGROUND

On February 25, 2016, the court dismissed McPherson's Petition for Writ of Habeas Corpus which challenged his 2001 conviction, after a jury trial, for two counts of first degree sexual assault on a child and two counts of child abuse. (Filing No. 14; Filing No. 15.) The court determined the petition was untimely under 28 U.S.C. § 2244(d)(1)(A), and that McPherson made no showing of actual innocence to excuse the bar of the statute of limitations under the miscarriage-of-justice exception. In addition, the court determined McPherson was not entitled to equitable tolling of the limitations period as he had not demonstrated that there were extraordinary circumstances beyond his control making it impossible to file his federal petition. (Filing No. 14.) The court declined to issue a certificate of appealability, and McPherson did not appeal the court's dismissal of his habeas petition.

On October 17, 2017, McPherson filed the present motion. He asks the court to reopen his habeas case under Rule 60(b)(2) and (6) of the Federal Rules of Civil Procedure and sets forth several allegations of "newly discovered evidence" in support of his motion. All but one of the allegations of newly discovered evidence involve "prospective testimony" of various witnesses. The remaining allegation asserts various errors committed by McPherson's trial, appellate, and postconviction counsel.

## II. DISCUSSION

### A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,]

530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

## B. Petitioner's Motion is Not a Successive Petition

McPherson alleges he has newly discovered "prospective testimony" from several different witnesses that could not have been discovered at trial or direct appeal and would demonstrate his actual innocence. The evidence alleged by McPherson includes testimony from an expert witness regarding observations of the victims, McPherson's daughters; testimony from one of his daughters recanting her earlier statements; testimony from hostile witnesses regarding inconsistencies in their previous statements; and testimony regarding discovery of missing pages of trial testimony in the state court Bill of Exceptions. McPherson also asserts allegations of wrongdoing and ineffective assistance by his trial, appellate, and postconviction counsel.

Liberally construed, McPherson seeks to challenge the court's determination that McPherson made no showing of actual innocence to excuse the bar of the statute of limitations. To that extent, McPherson's motion does not attack the court's determination on the merits and does not constitute a second or successive

3

petition under 28 U.S.C. § 2254. Thus, the court will analyze the motion under Rule 60(b).

**C. Petitioner's 60(b) Motion is Untimely**

McPherson brings his motion under Rule 60(b)(2) and (6). Under subsection (2), a court may grant relief from a final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Moreover, motions pursuant to Rule 60(b)(2) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). McPherson's motion is untimely as it was filed almost one year and eight months after the court dismissed his habeas petition. Thus, McPherson is precluded from seeking relief under Rule 60(b)(2) because his motion is clearly untimely. *Id.*; *see Fuller v. United States*, No. 4:07-CV-34 CAS, 2013 WL 3480303, at *8 (E.D. Mo. July 10, 2013) (even if petitioner's motion not construed as a successive habeas petition, claims under Rule 60(b)(2) and (3) would be time-barred as petitioner filed motion two years after entry of judgment).

In addition, McPherson cannot avoid the one-year time limit for motions based on Rule 60(b)(2) by asserting Rule 60(b)(6) as the basis for relief. Rule 60(b)(6) is the catch-all provision which permits relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *United States v. Dakota Cheese, Inc. (In re Matter of a Grand Jury Subpoena Directed to Dakota Cheese, Inc.)*, 923 F.2d 576, 577 (8th Cir.1991) (motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). "The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under on[e] of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6)." *Fuller, supra* at *8 (citing *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n. 11 (1988)).

Even if the motion was timely, the court would find McPherson's allegations of newly discovered evidence insufficient to warrant relief from judgment in this case. Just as the court stated in its Memorandum and Order dismissing his habeas petition, McPherson does not come close to demonstrating actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). McPherson has only presented bare allegations of newly discovered evidence, but none of the actual evidence. As the Eighth Circuit Court of Appeals has recognized, a habeas petitioner's "bare, conclusory assertion that he is actually innocent is not sufficient to invoke the [actual innocence] exception." *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997).

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Reopen Case Under Rule 60(b) ([Filing No. 16](#)) is denied.

2. Petitioner's pending Motion to Strike ([Filing No. 17](#)) is denied as moot.

Dated this 31st day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge